GALVESTON, HOUSTON & NORTHERN RAILWAY COMPANY v.
D. H. HARDY, SECRETARY OF STATE.

No. 864. Decided February 12, 1900.

1. Railway Bonds—Registration—Certificate—Secretary of State—Fees—
Mandamus.

The Secretary of State is not entitled to charge the fee of one dollar, as for an official certificate under Revised Statutes, article 2439, for indorsing upon each railroad bond issue, "This bond is registered under the direction of the Railroad Commission of Texas," as required of him by Revised Statutes, article 4584i. (Pp. 342, 343.)

2. Same—Statutory Construction.

Though the indorsement required to be made by the Secretary of State upon each railroad bond issued (Revised Statutes, article 4584i) constitute a certificate within the strict legal definition of that term, the Legislature should not be held to have intended to authorize the charge therefor provided for the Secretary's certificates by the Revised Statutes, article 2439, since article 4584i makes no mention of a fee and does not call the indorsement a certificate, and the registration and indorsement of the bond is required, not in the interest of the company, but in that of the public. (Pp. 342, 343.)

ORIGINAL APPLICATION for writ of mandamus against the Secretary of State.

*R. C. Foster* and *A. E. Wilkinson,* for petitioner.—In a certain sense, almost every entry or memorandum which an officer may make in the discharge of his official duties is a certificate of an act or of a fact. Thus, clerks and other officers are required to file papers, and though a mere deposit in the official custody of the clerk constitutes a filing (Holman v. Chevaillier, 14 Texas, 337), it is generally recognized as the duty of the clerk to indorse the paper "Filed," with the date and his official attestation. 13 Am. and Eng. Enc. of Law, 2 ed., 14, 15, 16. This indorsement might be called a certificate in precisely the same sense that the Secretary's indorsement of "registered" upon these bonds is now called one. We can see no reason why, if he can charge for this, he should not also charge one dollar for indorsing his file mark on every paper filed in his office. In the same sense a written judgment, order, or award of any tribunal or authority, might be considered a certificate of an official or judicial determination; a process, an official certificate that certain proceedings have been commenced; a sheriff's return, his official certificate of the execution of such process; in short, every memorandum or entry of an official action, is in this same sense an official certificate.

It is evident that the legislators did not have all these various memoranda or indorsements in contemplation when they provided for fees for official certificates. What, then, is the principle by which we may distinguish them? We think it a simple one. In all the cases we have been citing, as well as the one at bar, the indorsement, memorandum, or writing is made by the officer in pursuance of a duty imposed on him by law, statutory usually, to do an act in the discharge of his office, inde-

pendently of any demand made of him under article 2436, by some one who requires a certificate of what his official records show. The indorsement is an original, official act of the Secretary, required of him by statute. It is a constituent element in the act or process of registration of the bonds—one of the things the law requires of him in the performance of such act. It is not a mere certificate of something done, but an essential, or at least a prescribed part of the acts required of him in the doing. Demars v. Board of Commissioners, 47 Pac. Rep., 567.

We are quite aware that a certificate need not contain the word "certify," and that a thing may be a certificate without being so described in the statutes. But surely the term by which the statutes describe the writing has some value in ascertaining what the legislators had in mind. They call the instrument given under article 2436 a certificate, and they speak of the act of the Secretary under article 4584j as an indorsement, just as ninety-nine men out of a hundred would do.

There is no reason why revenue should be sought or assumed to be required by the State from railroad companies in connection with the approval and registration of their bonds. The proceeding is not for their benefit; it is provided in the interest of State policy. The Secretary is not acting in their interest or at their solicitation; he is but obeying an order of the Railroad Commission—doing a service which the Commission is authorized and compelled to require of him in the discharge of their duties. We are not prepared to say that the indorsement in question is within the operation of article 2438, which expressly declares that no fee shall be charged for a certificate required by other officers; but this is chiefly for the reason that it is not properly a certificate at all, so as to bring it within the letter of that provision; it seems to be within its spirit.

*T. S. Smith*, Attorney-General, and *R. H. Ward*, Assistant, for respondent.—If the indorsement which the Secretary of State is required to put on each of said bonds is an official certificate, then relator is not entitled to the indorsement without the payment of a fee of a dollar for each certificate, and in such case the writ of mandamus should not be granted, but if said indorsement is not such an official certificate as is within the contemplation of the law, then the writ of mandamus should be granted as prayed for.

In volume 1, Bouvier's Dictionary, Rawle's Revision, under the word "certificate" we find the following: "A writing by which testimony is given that a fact has or has not taken place." In volume 5, American and English Encyclopedia of Law, page 800, second edition, it is said "A certificate is a statement in writing, by a person having a public or official status, concerning some matter within his knowledge or authority." Now let us analyze article 4584i, Revised Statutes, and ascertain what the law means, and what are the duties of the Secretary of State. The Secretary is required to register the bonds in a book to be kept for that purpose, and until such bonds are registered they shall not be of

any validity or force. The law points out how the bonds are registered, and what constitutes their registration. It says that said bonds shall be registered "by entering a description thereof in a book to be kept for the purpose, which shall show the date, number, amount, when due, the rate of interest on each bond, and also the date when the same is registered." When the bonds are entered on this book their registration is complete; they have been registered or recorded. After the registration is complete the Secretary of State is required to indorse on each bond, under the seal of his office and his official signature, together with the date thereof, the following: "This bond is registered under the direction of the Railroad Commission of Texas." In other words, he certifies that these bonds have been registered under the direction of the Railroad Commission. He does this over his official signature and attests with the seal of his office. Does not this certificate constitute "a writing by which testimony is given that a fact has or has not taken place."

It will be observed that the statute uses the words "every official certificate." Language could not be more comprehensive; it includes all official certificates without exception, qualification, or limitation. There is no language in the law that excepts the official certificates under consideration from the terms of the law. The court can not engraft on the law an exception that is not in the law. In my investigation of this subject I have been able to find but one case which I regard as directly applicable to the question under consideration, and that is the case of State v. Kelsey, 44 New Jersey Law, 15.

GAINES, CHIEF JUSTICE.—This is an application for the writ of mandamus. The relator is a railroad corporation operating a line of road within the State. Having prepared for issue a certain series of bonds of $1000 each, it caused them to be presented to and approved by the Railroad Commission. Fifty of such bonds were thereupon presented to the respondent as Secretary of State with the request that he register them in his office and indorse them as the statute requires. The Secretary thereupon demanded a fee of one dollar for each bond, and the relator declining to pay, he refused to accede to the request. This suit is brought to compel the registration of the bonds without the payment of any fee. The pleadings admit the facts as stated.

The question is a difficult one and involves the construction of article 4584i of the Revised Statutes. The previous article provides for the approval of the bonds of a railroad company by the Railroad Commission. Article 4584i then reads as follows: "When any such bonds shall be presented to the Secretary of State with the direction aforesaid to register, he shall register said bonds by entering a description thereof in a book to be kept for that purpose, which shall show the date, number, amount, when due, the rate of interest on each bond, and also the date when the same is registered. The Secretary of State shall indorse on each bond under the seal of his office and his official signature, together

with the date thereof, as follows: 'This bond is registered under the direction of the Railroad Commission of Texas.' No bond or other evidence of debt hereafter issued by or under the authority of any person, firm, corporation, court, or railroad company, whereby a lien is created on its franchises or property situated in this State, shall be valid or have any force until the same has been registered as required herein." Article 2439 of the Revised Statutes provides that the Secretary of State "is authorized and required to charge for the use of the State the following fees: * * * for every official certificate, a fee of one dollar. * * * " The contention is that the indorsement which the Secretary is required to place upon each bond is a certificate within the meaning of the law.

As early as 1848 a statute was passed which required certain State officers, including the Secretary of State, among other things, "to give certificates certifying to any fact or facts contained in the papers, documents, or records of their offices, to any person applying for the same." Pasch. Dig., art. 2806. This was, so far as we know, the only statute in force with reference to certificates by the Secretary of State in 1883, the year in which the fee bill in question became a law.

We do not doubt that the indorsement which the Secretary is required to place upon the bonds is a certificate within the strict legal definition of that term. But the question is, did the Legislature understand that in requiring the indorsement, they were providing for a certificate for which a fee should be charged? Did they intend to require the companies to pay for having the bonds indorsed? We think not, and for two reasons.

1. It seems to us that if the Legislature had in mind the matter of payment by the company for the service to be rendered by the Secretary of State and had intended that the company should so pay, they would either have so provided by express words or would at least have called the indorsement a certificate, so as to bring it within the literal meaning of the statute with reference to fees for certificates by the Secretary of State. It would have been easy to say that "for the registration and indorsement of each of which bonds, a fee of one dollar must be paid," or to have said that "the Secretary shall indorse upon each bond a certificate in the following form," etc. While, as we have said, the required indorsement is technically a certificate, perhaps there was not even a lawyer in the Legislature which pased the act who thought they were requiring a certificate for which a fee should be charged.

2. Again, it is to be noted that the act in force when the present law requiring a fee of one dollar for each certificate was passed, only required a certificate when applied for. The application was a voluntary act on the part of the person making the demand and was not a duty required of him by law. The requirements, however, of article 4584h and 4584i are imposed by the State, not in the interest of the railroad companies, but in that of the public. Since the law imposed an additional burden upon these corporations, the Legislature may have con-

sidered it inequitable to make them pay for the work. At all events, there is a broad distinction between official labor performed at the instance of the State and for the public benefit and such work performed for a person on his own private account.

We think the mandamus should issue and it is so ordered.

*Mandamus granted.*